**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| THE AMERICAN AUTOMOBILE ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AAA AUTO FAMILY, OANH NGOC TRAN, AND JOHN SHAW,<br><br>Defendants. | Case No.: 4:18-cv-3288 |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff The American Automobile Association, Inc. ("AAA") brings this Complaint for injunctive relief, monetary damages, and other relief against Defendants AAA Auto Family, Oanh Ngoc Tran, and John Shaw (collectively "Defendants"). AAA alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for trademark infringement, false designation of origin, unfair competition, and cybersquatting in violation of Sections 32, 43(a), and 43(d) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a), and Texas common law; and for trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), Texas Business & Commerce Code § 16.103, and common law. AAA seeks injunctive relief, monetary damages, restitution, and all other appropriate relief, including an order enjoining Defendants from using AAA's trademarks and requiring transfer of the domain names AAAAUTOFAMILY.COM and AAUTOFAMILYGROUP.NET (the "Infringing Domain Names") to AAA.

2. This action arises out of Defendants' knowing and willful violation of AAA's rights in its famous and distinctive AAA trademarks (the "AAA Marks"). Defendants have used

and continue to use the AAA Marks in commerce by operating a car dealership under the business name AAA Auto Family, without authorization and with full knowledge that they are not authorized to use those marks.

3. Defendants' unlawful use of the AAA Marks is likely to cause—and in fact already may have caused—consumers to believe, erroneously, that AAA has endorsed Defendants' services, jeopardizing the goodwill and tarnishing the reputation associated with AAA's Marks, confusing those consumers seeking the reliable and dependable services of AAA, and unjustly enriching Defendants.

4. Defendants' unlawful acts have lessened the capacity of AAA's famous Marks to identify and distinguish the products and services AAA provides under those Marks and thus have diluted the distinctive quality of the Marks. Furthermore, Defendants' use of the famous and distinctive AAA Marks has tarnished and harmed the goodwill and reputation of the AAA Marks.

5. In addition, on information and belief, Defendants have profited from their unauthorized use of the AAA Marks and have made unauthorized commercial use of the Marks in Texas and elsewhere to their benefit and to the detriment of AAA and of consumers, in violation of the laws set forth above.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. §§ 1121 and 1125(d), and under 28 U.S.C. §§ 1331, 1337, and 1338. This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1338(b) and 1367(a), as well as under general principles of supplemental and pendent jurisdiction.

7. Defendants are subject to personal jurisdiction within the Southern District of Texas because Defendants conduct business and reside in this District.

8. Venue is proper under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Texas.

## PARTIES

9. Plaintiff AAA is a not-for-profit, non-stock corporation organized and existing under the laws of Connecticut, with its principal place of business in Heathrow, Florida. AAA provides its more than 55 million members with products and services throughout the United States and Canada, including in Texas. AAA's services include travel and automobile products and services (including car buying services), financial advice, insurance and warranty coverage, and discounts. AAA provides its products and services through local AAA member clubs, including AAA Texas.

10. Defendant AAA Auto Family is a car dealership located at 3907 Irvington Boulevard, Houston, Texas 77009.

11. On information and belief, Defendants Oanh Ngoc Tran and John Shaw are the owners of AAA Auto Family and are located at 3907 Irvington Boulevard, Houston, Texas 77009.

12. On information and belief, Defendants are the registrants of the Infringing Domain Names and registered, or caused to be registered, the Infringing Domain Names on behalf of AAA Auto Family. Defendants have used the Infringing Domain Names to host websites promoting the AAA Auto Family business.

## FACTS ENTITLING AAA TO RELIEF

### A. AAA's Widespread and Substantial Use of Its Registered AAA Marks

13. Since its founding over a century ago, AAA has enjoyed a reputation as one of the world's premier client service organizations. That reputation is largely based on the quality and reliability of the products and services it offers through its AAA local clubs.

14. Although its original focus was on combating unfair automobile laws and campaigning for better roads and more reliable vehicles, AAA quickly expanded its charter. It established itself almost immediately as an advocate for travel safety and road improvement. Today, AAA offers a broad range of products and services, including but also going beyond automobiles and travel.

15. AAA has invested resources, including for advertising campaigns and promotional efforts, to develop and foster the reputation, recognition, and goodwill associated with its products and services.

16. AAA has used and continues to use the AAA Marks and logo designs in interstate commerce to identify its products and services. As a result of this use, the AAA Marks have become famous in the United States, including in Texas, and throughout the world in connection with these products and services.

17. Only those businesses that are part of AAA's network of approved service providers are authorized to use or display the AAA Marks. Consequently, AAA members and the public know that local businesses displaying AAA Marks are selected only if they maintain a reputation for quality, integrity, and reliability.

18. As a result of AAA's provision of quality products and the continuous advertising, promotion, and sale of products and services under the AAA Marks, those trademarks have acquired value and fame in the United States and throughout the world. Specifically, the AAA Marks are widely recognized by consumers in this country and abroad and have acquired enormous goodwill as trademarks identifying high-quality and reliable products and services; indeed, the AAA Marks are distinctive such that consumers recognize that goods and services marketed under the AAA Marks originate with, or are approved or endorsed by, AAA and the AAA local clubs.

19. AAA has registered with the United States Patent and Trademark Office ("USPTO") more than 150 trademarks, including Marks that AAA has used since at least 1902, in connection with the products and services offered to its members. The federal registrations Defendants are violating are:

a) Reg. No. 829,265, for the AAA Mark, used in connection with automobile association and emergency roadside services and arranging for discount purchases;

b) Reg. No. 1,449,079, for the AAA APPROVED AUTO REPAIR

Mark & Design, used in connection with automobile repair services;

c) Reg. No. 2,158,654, for the AAA Mark & Design, used in connection with automobile association and emergency roadside services and arranging for discount purchases;

d) Reg. No. 2,900,596, for the AAA PREMIER Mark, used in connection with automobile services, including providing information about vehicles for sale and vehicle brokerage services;

e) Reg. No. 3,426,468, for the AAA APPROVED AUTO REPAIR Mark & Design, used in connection with automobile repair services;

f) Reg. No. 5,036,379, for the AAA & Design Mark, used in connection with emergency roadside repair services.

Copies of the registration certificates for the above marks are available on the USPTO website: http://www.uspto.gov.

20. Pursuant to 15 U.S.C. § 1057(b), the registration certificates for the AAA Marks, including those marks identified above, constitute prima facie evidence of the validity of those registrations, of AAA's ownership of the trademarks in the registrations, and of AAA's exclusive right to use those trademarks in commerce and in connection with the products and services specified in the registration certificates.

21. Under 15 U.S.C. § 1065, Reg. Nos. 829,265, 1,449,079, 2,158,654, 2,900,596, and 3,426,468 are incontestable.

**B. <u>Defendants' Unlawful Use of Plaintiff's AAA Marks</u>**

22. AAA never authorized Defendants to use its AAA Marks.

23. But, on information and belief, Defendants knowingly and willfully violated—and continue to violate—AAA's rights in its famous and distinctive AAA Marks by using in commerce the business name AAA Auto Family (and other similar names and marks) after Plaintiff's AAA Marks had become famous in Texas, the United States, and abroad.

24. Defendants have promoted and continue to promote the AAA Auto Family

business on websites located at the Infringing Domain Names.

25. On information and belief, Defendants began using the AAA Auto Family business name in 2017.

26. On information and belief, Defendants registered or caused to be registered the Infringing Domain Names in 2017.

27. AAA learned of Defendants' unauthorized use of its AAA Marks in or around February 2018.

28. On May 4, 2018, AAA sent a letter by Certified Mail to Defendants at their principal place of business, requesting that Defendants discontinue all use of the AAA Auto Family business name and mark and the Infringing Domain Names.

29. That same day, AAA successfully delivered an email containing an electronic copy of the May 4 letter to the email addresses listed on the WHOIS records for the Infringing Domain Names.

30. On May 8, 2018, the U.S. Postal Service declared the May 4 letter undeliverable because the "item was refused by the addressee."

31. On May 29, 2018, AAA sent a second letter by Certified Mail to Defendants at their principal place of business, reiterating its request that Defendants continue all use of the AAA Auto Family business name and mark and the Infringing Domain Names.

32. That same day, AAA successfully delivered an email containing an electronic copy of the May 29 letter to the email addresses listed on the WHOIS records for the Infringing Domain Names.

33. On June 7, 2018, having no received no response from Defendants, AAA called Defendants at their principal business number. An employee answered the phone, "AAA," before stating that Mr. Shaw was not available and that she would pass along AAA's request for a return call.

34. On June 19, 2018, having still received no response from Defendants, AAA again called Defendants at their principal business number. An employee who answered the phone

stated that Mr. Shaw was not available and does not keep regular hours, but that she would tell Mr. Shaw that AAA called again.

35. On June 27, 2018, the U.S. Postal Service declared the May 29 letter undeliverable because it was "unclaimed."

36. On August 7, 2018, having still received no response from Defendants, AAA twice more called Defendants at their principal business number, but received only busy signals.

37. At no point has AAA received a response from Defendants.

38. On information and belief, when Defendants' infringing use of the AAA Marks began and at all times thereafter, Defendants have known, or had reason to know, of AAA's rights in the AAA Mark and that AAA's Marks are famous and valuable.

39. On information and belief, Defendants have knowingly and for profit engaged in the infringing use of the AAA Marks to attract consumers. Defendants have known that consumers would likely believe, incorrectly, that Defendants' use of the AAA Marks signifies that Defendants' business is sponsored or endorsed by, or otherwise associated or affiliated with, AAA.

40. Defendants' infringing use has damaged, and will continue to damage, the reputation, recognition, and goodwill associated with the famous and distinctive AAA Marks.

41. Defendants' infringing use has lessened, and continues to lessen, the capacity of Plaintiff's AAA Marks to identify and distinguish the products and services provided or endorsed by, or affiliated with, AAA.

42. Defendants' use of the AAA Marks has diluted, and continues to dilute, those marks' distinctive quality.

43. On information and belief, Defendants' infringing use has been and continues to be of commercial value to Defendants.

44. Defendants' infringing use has caused, and continues to cause, injury to AAA and to the goodwill and value of its AAA Marks.

**FIRST CLAIM FOR RELIEF:**

**FEDERAL TRADEMARK INFRINGEMENT**

**(LANHAM ACT § 32, 15 U.S.C. § 1114)**

45. AAA incorporates all the preceding paragraphs.

46. Defendants' infringing use violates Section 32 of the Lanham Act, 15 U.S.C. § 1114, because it constitutes willful and deliberate use in commerce of reproductions, copies, and/or colorable imitations of AAA's federally registered AAA Marks in connection with the sale, offering for sale, distribution, and advertising of Defendants' products and services in a manner likely to cause confusion, mistake, and deception.

47. On information and belief, Defendants' unlawful conduct has been and continues to be willful, deliberate, and in bad faith.

48. These violations have irreparably damaged AAA, and it has no adequate remedy at law. Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

49. On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

**SECOND CLAIM FOR RELIEF:**

**FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

**(LANHAM ACT § 43(a), 15 U.S.C. § 1125(a))**

50. AAA incorporates all the preceding paragraphs.

51. Defendants' infringing use violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants have willfully and deliberately used in commerce words, terms, names, and/or false designations of origin that have caused confusion and mistake as to the origin, sponsorship, or approval by AAA of services promoted by Defendants. This conduct constitutes unfair competition and infringement of Plaintiff's AAA Marks.

52. On information and belief, Defendants' unlawful conduct has been and continues to be willful, deliberate, and in bad faith.

53. Defendants' violation of this statute has caused and will continue to cause irreparable harm to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

54. On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

**THIRD CLAIM FOR RELIEF:**

**CYBERSQUATTING**

**(LANHAM ACT § 43(d), 15 U.S.C. § 1125(d)**

55. AAA incorporates all the preceding paragraphs.

56. Defendants' infringing use violates Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), because (i) Plaintiff is the owner of the AAA Marks, which are registered with the USPTO and protected under Sections 43(a), (c), and (d) of the Lanham Act, 15 U.S.C. §§ 1125(a), (c), and (d); (ii) Defendants have registered, trafficked in, and/or used the Infringing Domain Names with a bad faith intent to profit from AAA's famous and distinctive AAA Marks; (iii) the Infringing Domain Names are confusingly similar to Plaintiff's AAA Marks and are dilutive of Plaintiff's AAA Marks; and (iv) Plaintiff's AAA Marks were distinctive and famous at the time of registration of the Infringing Domain Names.

57. Defendants' unlawful conduct as set forth herein has been willful, deliberate, and in bad faith.

58. Defendants' violation of this statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue to use the Infringing Domain Names, further injuring AAA and confusing the public.

59. On information and belief, Defendants have received revenues and profits as a

result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

**FOURTH CLAIM FOR RELIEF:**

**FEDERAL TRADEMARK DILUTION**

**(LANHAM ACT § 43(c), 15 U.S.C. § 1125(c))**

1. AAA incorporates all the preceding paragraphs.

2. Defendants' infringing use violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), because such use, which commenced after Plaintiff's AAA Marks became famous, has diluted and continues to dilute the AAA Marks by tarnishing the good reputation associated with the AAA Marks and seeking to derive a commercial benefit from the value and goodwill associated with the AAA Marks.

3. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

4. Defendants' violation of this statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

**FIFTH CLAIM FOR RELIEF:**

**TEXAS TRADEMARK DILUTION**

**(TEX. BUS. & COM. CODE § 16.103)**

5. AAA incorporates all the preceding paragraphs.

6. Defendants' infringing use violates Texas Business & Commerce Code § 16.103: (i) Plaintiff's AAA Marks are famous and distinctive in Texas; (ii) Plaintiff's AAA Marks were famous and distinctive at the time of Defendants' infringing use; (iii) Defendants' infringing use is intended to derive a commercial benefit from AAA's already famous and distinctive Marks; and (iv) Defendants' infringing use is likely to injure AAA's business reputation and/or a dilute the distinctive value and goodwill associated with AAA's Marks, causing damages to AAA.

7. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

8. Defendants' violation of the statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the violation, further injuring AAA and confusing the public.

**SIXTH CLAIM FOR RELIEF:**

**COMMON LAW TRADEMARK INFRINGEMENT**

**AND UNFAIR COMPETITION**

9. AAA incorporates all the preceding paragraphs.

10. Defendants' unauthorized use of the AAA Marks constitutes trademark infringement and unfair competition under Texas common law. AAA is the prior user of the AAA Marks, and Defendants' willful and deliberate use of the AAA Marks in commerce is likely to cause, and may have already caused, confusion, mistake, and deception as to origin, sponsorship, or approval by AAA.

11. Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

12. Defendants' unlawful conduct has and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the conduct, further injuring AAA and confusing the public.

13. On information and belief, Defendants have received substantial revenues and profits as a result of its unlawful conduct, to which Defendants are not entitled, and AAA has also suffered damages as a result of such unlawful conduct for which Defendants are responsible.

**SEVENTH CLAIM FOR RELIEF:**

**COMMON LAW TRADEMARK DILUTION**

14. AAA incorporates all the preceding paragraphs.

15. Defendants' unauthorized use of the AAA Marks constitutes trademark dilution under Texas common law. Defendants' use began after Plaintiff's AAA Marks became famous and creates a likelihood of association with Plaintiff's famous AAA Marks because they are identical to, or nearly identical to, Plaintiff's marks. Defendants' acts are likely to cause dilution by blurring by impairing the distinctive quality of Plaintiff's famous AAA Marks. Moreover, Defendants' unauthorized use of the AAA Marks in commerce is likely to cause dilution by tarnishment. Specifically, Defendants' use of the AAA Marks to advertise a business that is not authorized by AAA may harm consumers' opinions of, and reliance on, the AAA Marks if the goods and services do not satisfy AAA's exacting criteria for quality and reliability.

16. Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

17. Defendants' violation of the common law of Texas has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the violation, further injuring AAA and confusing the public.

**PRAYER FOR RELIEF**

WHEREFORE, AAA respectfully seeks the following relief:

1. Enjoin and restrain Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from engaging in any of the following acts:

1) Using without the authorization of AAA any of AAA's Marks, logos, and trade names, including, but not limited to, the designation "AAA" or any other name, logo, or Mark that includes the designation "AAA" or that is confusingly or deceptively similar to any of AAA's Marks, logos, and trade names, either alone or in conjunction with other words or

symbols, as a part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, on or in relation to any goods sold or distributed by the Defendants, or in any other manner; and

2) Using multiple combination letter "A's" in any form or manner that would tend to identify or associate Defendants or their business or services with AAA, including, without limitation, in the marketing, promotion, advertising, identification, sale, or distribution of goods or services, or in any other manner;

2. Require Defendants, pursuant to 15 U.S.C. § 1118, to destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, internet content, stationary, software, and any other items in their possession or control which contain the infringing designations "AAA," or any term confusingly similar to "AAA," either alone or in combination with other words or symbols and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

3. Require Defendants to abandon, cancel, delete, and/or withdraw, with prejudice, any U.S. or state trademark applications or registrations that contain the AAA Marks, or any other confusingly similar name, logo, or mark;

4. Require Defendants to cancel or amend any business name, trade name, or corporate registration or application that contains the AAA Marks, or any other confusingly similar name, logo, or mark, including, but not limited to, registrations for AAA Auto Family;

5. Require Defendants to transfer to AAA any and all domain names in their or their agents' possession, custody, or control that include the AAA Marks, including but not limited to the Infringing Domain Names;

6. Require Defendants to file with the Court and to serve on AAA, within thirty (30) days after entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

7. Require Defendants to pay AAA for all damages sustained as a result of Defendants' unlawful conduct described above, plus interest thereon, and require, with respect to

damages resulting from infringement or dilution of the AAA Marks or from unfair competition under the Lanham Act, that such damages be trebled pursuant to 15 U.S.C. § 1117;

8. Require Defendants to account for and pay to AAA all profits derived by Defendants resulting from their use of the AAA Marks;

9. Award AAA the costs of this suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and Texas law;

10. Award AAA statutory damages in the amount of $100,000 per infringing domain name pursuant to 15 U.S.C. § 1117(d), or some other amount as the Court considers just;

11. Award prejudgment interest on all liquidated sums; and

12. Award such other and further relief as the Court deems just and proper.

September 14, 2018

By: /s/ Kathy Patrick

Kathy Patrick
State Bar No. 15581400
1100 Louisiana Street, Suite 5300
Houston, TX 77002
(713) 650-8805
kpatrick@gibbsbruns.com

Attorney for Plaintiff
THE AMERICAN AUTOMOBILE ASSOCIATION, INC.

Of Counsel:

Neil K. Roman, Esq.
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (202) 841-1000
nroman@cov.com

Robert N. Hunziker, Jr., Esq.
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
rhunziker@cov.com